United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-30931
Summary Calendar
_____

ARNULFO CHAPA,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE; ET. AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-

Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
-------------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:

Arnulfo Chapa, a federal prisoner, filed a suit under the Federal Tort Claims Act ("FTCA")

alleging that he had tendered two boxes of personal items to employees of the Bureau of Prisons

("BOP") prior to being transferred from one correctional facility to another, but that only one box

of his belongings was given to him at the new facility.  By bringing his suit, Chapa sought to recover

damages for the loss of his personal property. Upon the Government's motion under FED. R. CIV. P. 12(b)(1), the district court dismissed Chapa's suit for lack of subject matter jurisdiction. Chapa now appeals that dismissal.

In dismissing Chapa's suit, the district court reasoned that Chapa's claim was contained within an exception created by 28 U.S.C. § 2680(c) to the FTCA's waiver of sovereign immunity. Under 28 U.S.C. § 2680(c), any claim arising from "the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer" is excluded from the FTCA's broad waiver of sovereign immunity.

Chapa contends that, as a result of its settlement offer, the Government was barred from raising the sovereign immunity defense. This contention is without merit. Sovereign immunity implicates subject matter jurisdiction. See Broussard v. United States, 989 F.2d 171, 176 (5th Cir. 1993). Thus, the issue is not waivable and the Government may raise it at any stage of the proceedings. See id.

We review de novo the issue whether a federal court has subject matter jurisdiction. Price v. United States, 69 F.3d 46, 49 (5th Cir. 1995). "Courts must strictly construe all waivers of the federal government's sovereign immunity, [resolving] all ambiguities in favor of the sovereign." Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998).

Chapa argues that his claim is not barred by 28 U.S.C. § 2680(c) because BOP employees are not law enforcement officers withing the meaning of the statute. This court has applied § 2680(c) to law enforcement officers other than customs or tax agents. In Halverson v. United States, 972 F.2d 654, 656 (5th Cir. 1992), we held that 28 U.S.C. § 2680(c) bars claims arising from the detention of goods by any federal law enforcement officers in the performance of their lawful duties.

Id. Other circuits have also broadly interpreted the term "law enforcement officer" in applying 28 U.S.C. § 2680(c). See Schlaebitz v. United States Dep't of Justice, 924 F.2d 193, 194 (11th Cir. 1991) (federal Marshals included); see also Ysasi v. Rivkind, 856 F.2d 1520, 1525 (Fed. Cir. 1988) (INS border patrol agents included); Formula One Motors, Ltd. v. United States, 777 F.2d 822, 823 (2nd Cir. 1985) (DEA agents included); United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1490-91 (10th Cir. 1984) (USDA inspectors included); United States v. Lockheed L-188 Aircraft, 656 F.2d 390, 397 (9th Cir. 1979) (FAA employees included).

Although the term "law enforcement officer" is not defined in the text of 28 U.S.C. § 2680(c), that term is defined in 28 U.S.C. § 2680(h) as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). The Supreme Court has held that a victim of unlawful conduct, at the hands of BOP officials, would have a cause of action against the United States under 28 U.S.C. § 2680(h). See Carlson v. Green, 446 U.S. 14, 17, 20 (1980). Thus, as defined in § 2680(h), a BOP official is a federal law enforcement officer. Although Carlson relied on 28 U.S.C. § 2680(h), and not on 28 U.S.C. § 2680(c), the two sections should be considered in pari materia, and the holding of Carlson is therefore instructive in construing the term "law enforcement officer" under 28 U.S.C. § 2680(c).

We also find instructive the fact that BOP employees are considered "law enforcement officers" in various other contexts. Congress has determined that BOP employees are "law enforcement officers" for purposes of eligibility for Civil Service premium pay, for retirement benefits, and for survivorship annuities. See 5 U.S.C. §§ 5541(3), 8331(20) and 8401(17)(D)(i). BOP employees are also "law enforcement officers" whose surviving spouses and minor children may claim

eligibility for "Public Safety Officers' Death Benefits." See 42 U.S.C. § 3796(b)(5). Additionally, one who fatally injures a BOP employee, while the employee is engaged in his official duties, can be charged with the offense of killing a "law enforcement officer," with the potential for a federal death penalty upon a finding of guilt. See 18 U.S.C. § 3592(c)(14)(D); 21 U.S.C. § 848(e)(2). Construing the FTCA's waiver of sovereign immunity strictly, we hold that BOP employees are "law enforcement officer[s]" for purposes of 28 U.S.C. § 2680(c).

Chapa also argues that because the BOP's process of inspection and inventory before shipping a prisoner's property is not a search, seizure, or arrest, his property was not "detained" within the meaning of 28 U.S.C. § 2680(c). As the Sixth Circuit noted in Kurinsky v. United States, 33 F.3d 594, 597 (6th Cir. 1994), 28 U.S.C. § 2680(c) uses the word "detention," which is generally associated with a period of temporary custody or delay, and not "seizure," which is the act of taking possession of property, for example, by virtue of execution or for a violation of the law. Pursuant to the process of inspection and inventory, BOP officials took temporary custody of and detained Chapa's property. Resolving, as we must, any ambiguity in favor of sovereign immunity, Linkous, 142 F.3d at 275, we hold that there was a detention for purposes of 28 U.S.C. § 2680.

The district court did not err in finding that Chapa's claim was barred by 28 U.S.C. § 2680(c) and that it thus lacked subject matter jurisdiction over his suit. Accordingly, we affirm the district court's dismissal of Chapa's suit.

AFFIRMED.