**Marlon BRAMWELL, Plaintiff–Appellant,**

v.

**U.S. BUREAU OF PRISONS, Defendant–Appellee.**

No. 02–55516.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Filed Oct. 27, 2003.

Daniel D. Wedemeyer, Wedemeyer & Prangley, Santa Ana, CA, for the plaintiff-appellant.

Vince Farhat, Assistant United States Attorney, Los Angeles, CA, for the defendant-appellee.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,* District Judge.

TALLMAN, Circuit Judge.

We must decide whether the seizure and inadvertent destruction of an inmate's property by correctional officers gives rise to a cause of action against the U.S. Bureau of Prisons (BOP) under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. We hold that the seizure in this case was a "detention" of goods by federal law enforcement officers under the exception to FTCA liability set forth in 28 U.S.C. § 2680(c). We affirm the district court's ruling and join the majority of circuits that have similarly interpreted this subsection.

The district court dismissed federal prisoner Marlon Bramwell's FTCA claim against the BOP for lack of subject matter jurisdiction. On appeal, Bramwell contends that: (1) the FTCA waives sovereign immunity for claims of property damage by BOP officers; (2) a "detention of goods" occurs only if officers knowingly and intentionally detain a person's property; (3) the district court erred by denying his motion to amend his pleadings to substitute the United States as the defendant; and (4) the district court improperly denied his motion for reconsideration.

I

After Bramwell was moved to administrative segregation at a federal prison, BOP officers cleared out his property from his old cell and sent his overcoat to the prison laundry, unaware that a $290 pair of designer prescription eyeglasses remained

---

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

in the coat pocket. When Bramwell learned that his eyeglasses had been damaged, and that the prison would not refund the full cost, he sued the BOP under the FTCA.

The district court dismissed Bramwell's action on the ground that the United States had not waived its sovereign immunity under the FTCA's "detention of goods" exception, 28 U.S.C. § 2680(c). The court denied as futile Bramwell's motion to amend his complaint to substitute the United States as the defendant and also denied his subsequent request for reconsideration. This appeal followed.

## II

### A

■ We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.2000).

■ The United States may not be sued unless the government has waived its sovereign immunity. *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir.2003) (citing *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999)). The FTCA is such a waiver, and it grants subject matter jurisdiction to federal courts for claims that arise from certain tortious conduct by government employees. *See* 28 U.S.C. § 1346(b)(1).

However, the FTCA's broad waiver of sovereign immunity is subject to thirteen specific exceptions. *See* 28 U.S.C. §§ 2680(a)-(n). The district court found that its jurisdiction over Bramwell's suit was barred by the "detention of goods" exception, which retains the government's immunity from "*[a]ny claim arising in respect of* the assessment or collection of any tax or customs duty, or *the detention of any goods, merchandise, or other prop-*

*erty by* any officer of customs or excise or *any other law enforcement officer.*" *See* 28 U.S.C. § 2680(c) (emphasis added).

The U.S. Supreme Court has not determined whether "other law enforcement officers" under § 2680(c) include BOP personnel. *See Kosak v. United States*, 465 U.S. 848, 852 n. 6, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). There is currently a split of authority among federal circuit courts of appeals regarding who is covered. The majority of our sister circuits read § 2680(c) expansively to include federal law enforcement officers beyond those who assess taxes or collect customs duties. *See, e.g., Chapa v. United States Dep't of Justice*, 339 F.3d 388, 390 (5th Cir.2003) (BOP officers); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir.2002) (BOP officers); *Halverson v. United States*, 972 F.2d 654, 656 (5th Cir.1992) (Border Patrol officers); *Cheney v. United States*, 972 F.2d 247, 248 (8th Cir.1992) (drug task force agents); *Schrob v. Catterson*, 948 F.2d 1402, 1420 n. 16 (3d Cir.1991) (DEA agents); *Schlaebitz v. United States Dep't of Justice*, 924 F.2d 193, 195 (11th Cir.1991) (U.S. Marshals); *Ysasi v. Rivkind*, 856 F.2d 1520, 1525 (Fed.Cir.1988) (Border Patrol officers); *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1491 (10th Cir.1984) (USDA inspection agents). The minority view, espoused by the Sixth, Seventh, and D.C. Circuits, applies § 2680(c) narrowly to include only federal officers engaged in tax or customs duties. *See Ortloff v. United States*, 335 F.3d 652, 660 (7th Cir.2003) (BOP officers not included); *Bazuaye v. United States*, 83 F.3d 482, 486 (D.C.Cir. 1996) (postal inspectors not included); *Kurinsky v. United States*, 33 F.3d 594, 598 (6th Cir.1994) (FBI agents not included).

Our circuit has previously endorsed the broader interpretation of § 2680(c), and we have extended this exception to law enforcement officers other than those en-

gaged in tax or customs-related duties. In *United States v. Lockheed L–188 Aircraft,* we held that FAA agents were "other law enforcement officer[s.]" 656 F.2d 390, 397 (9th Cir.1979).

We are also persuaded by the Fifth Circuit's reasoning in *Chapa v. United States Dep't of Justice,* in which the court held that BOP officers fell within the 28 U.S.C. § 2680(c) exception. 339 F.3d at 390. The *Chapa* court noted that although the phrase "law enforcement officer" is not defined in § 2680(c), it *is* defined in one of the other thirteen exceptions to the FTCA. *Id; see* 28 U.S.C. § 2680(h) (describing a "law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."). The U.S. Supreme Court has specifically held that intentional misconduct by BOP officers gives rise to a cause of action under § 2680(h). *Carlson v. Green,* 446 U.S. 14, 20, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). Because the phrase "law enforcement officer" appears in neighboring subsections (c) and (h), the phrase should be construed similarly in cases arising under both exceptions. *See U.S. West Comm. v. Hamilton,* 224 F.3d 1049, 1053 (9th Cir.2000) (citing *Erlenbaugh v. United States,* 409 U.S. 239, 244, 93 S.Ct. 477, 34 L.Ed.2d 446 (1972) (holding that words in different sections of the same statute should be similarly construed under the canon of *in pari materia*)).

We are also persuaded by the fact that BOP officers are considered "law enforcement officers" under several other statutes. *See Chapa,* 339 F.3d at 390. BOP employees are "law enforcement officers" under 5 U.S.C. §§ 5541(3), 8331(20) and 8401(17)(D)(i) (civil service benefits eligibility); 42 U.S.C. § 3796b(6) (public safety officers' death benefits); and 18 U.S.C. § 3592(c)(14)(D) and 21 U.S.C. § 848(e)(2) (authorizing the federal death penalty for killing a "law enforcement officer").

Therefore, consistent with the more expansive view of our circuit and most other circuits who have opined on the issue, we hold that BOP officers are "law enforcement officers" exempt from FTCA liability for damage to detained goods under 28 U.S.C. § 2680(c).

**B**

■ Bramwell also argues that the BOP officers did not "detain" his property within the meaning of § 2680(c) because they were not aware that his eyeglasses were in their possession. Bramwell contends that a "detention" occurs only when officers knowingly and intentionally take control of a person's property.

However, in *Kosak v. United States* the Supreme Court broadly construed 28 U.S.C. § 2680(c) to include negligent as well as intentional conduct by government employees. The *Kosak* Court held that claims "arising in respect of … the detention of any goods, merchandise, or other property" included those claims arising out of *negligent handling or storage* by federal officials. 465 U.S. at 854, 862, 104 S.Ct. 1519. Neither 28 U.S.C. § 2680(c) nor *Kosak* require any specific intent or knowledge on the part of federal law enforcement officers.

In this case, it is clear that the BOP officers intended to detain Bramwell's overcoat and his other personal belongings until such time as they would be returned to him, and that Bramwell's eyeglasses were damaged as a result of the negligent handling and storage of these belongings. We see no ambiguity in the term "detention" as Bramwell insists. We conclude that the BOP officers "detained" Bramwell's eyeglasses under 28 U.S.C. § 2680(c).

## C

 Because we find that the exemption under 28 U.S.C. § 2680(c) applies, the district court properly denied as futile Bramwell's request to amend his complaint to substitute the United States for the BOP as the named defendant. *See Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995) (noting that futility of a proposed amendment can justify denial of a motion to amend). Bramwell's requested amendment would have been futile because his claim would still be barred by 28 U.S.C. § 2680(c) even if the United States was the defendant. *See Thomas–Lazear v. FBI,* 851 F.2d 1202, 1206–07 (9th Cir.1988) (upholding a district court's decision to deny adding the United States as a defendant because plaintiff's claim was barred by an exception to the FTCA).

## D

 Because Bramwell's claim falls within the 28 U.S.C. § 2680(c) exception and his motion to substitute defendants was futile, the district court did not abuse its discretion by denying Bramwell's motion for reconsideration. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (citation omitted).

## III

The BOP officers' actions fall within an exception to the government's waiver of sovereign immunity under the FTCA, because they are "law enforcement officers" under 28 U.S.C. § 2680(c) and the alleged negligence resulting in damage occurred while Bramwell's personal property was detained. The district court properly dis-

missed Bramwell's complaint for lack of subject matter jurisdiction.

**AFFIRMED.**