Theodore **BERKEY**, Plaintiff— Appellant,

v.

**UNITED STATES of America,** Defendant—Appellee.

No. 03–16153.

D.C. No. CV–02–00261–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Theodore Berkey, Tucson, AZ, for Plaintiff-Appellant.

Christina M. Cabanillas, Richard Evan Gordon, Office of the U.S. Attorney, Evo A. DeConcini, Tucson, AZ, for Defendant-Appellee.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Federal prisoner Theodore Berkey appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his Federal Tort Claims Act complaint. Berkey sought compensation from prison officials for his lost or destroyed recreational-related property, which he alleged was missing following a lockdown instituted due to a major disturbance.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court dismissed Berkey's FTCA claim based on its conclusion that his case fell within the "detention of goods" exception to the FTCA's waiver of immunity, 28 U.S.C. § 2680(c), and therefore the United States retained its sovereign immunity in the matter. Berkey contends that the district court erred in applying the "detention of goods" exception to his case, because the BOP officials were not "law enforcement officials," and his property was not "detained" but instead "seized," and that officials were negligent in handling his property. Berkey's contentions are foreclosed by this court's recent decision in *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804 (9th Cir. 2003). Accordingly, the district court did not err in dismissing his FTCA action.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.