Fabricant, J.
INTRODUCTION
This action under the Massachusetts Tort Claims Act seeks damages for property allegedly lost or converted by one or more court officers while the plaintiff was in custody. Presently before the Court is the Commonwealth’s motion to dismiss on the ground that G.L.c. 258, §10(d), bars the claim. For the reasons that will be explained, the motion will be allowed.
BACKGROUND
The plaintiff filed this action on September 12, 2000, seeking damages for property that he alleges was taken from him upon his arrest by the Somerville Police Department, transferred to the custody of a court officer at the Somerville District Court, and not returned to him upon his release from custody. The Commonwealth answered the complaint on February 26, 2001, asserting a list of affirmative defenses, including that the action is barred under G.L.c. 258, §§4 and 10(c) and (j). The Commonwealth’s answer made no mention of G.L.c. 258, § 10(d).
On September 24, 2002, the plaintiff moved for summaryjudgment. The Commonwealth opposed, arguing, among other grounds, that the action was barred under G.L.c. 258, § 10(c). The Commonwealth’s opposition again made no mention of § 10(d). In a decision entered June 3, 2003, the Court (Borenstein, J.), granted the plaintiffs motion for summary judgment against the Commonwealth as to liability.[1] Thereafter, the case was scheduled no less than six times for hearing and/or trial with respect to damages, the latest scheduled trial date being April 26, 2004. In that context, on March 31, 2004, the Commonwealth filed its present motion, arguing for the first time that G.L.c. 258, § 10(d) bars the claim. The plaintiff opposes the motion, arguing, among other grounds, that the new defense was not raised in a timely manner.
DISCUSSION
General Laws, c. 258, § 10(d) bars any “any claim arising in respect of the assessment or collection of any tax, or the lawful detention of any goods or merchandise by any law enforcement officer.” No Massachusetts case law appears construing this *620 provision. On its face, the statutory language appears clearly to apply to the claim in issue here. Court officers are law enforcement officers, and the claim relates to the detention of goods by such officers.
The Federal Tort Claims Act contains a similar provision, 28 U.S.C. §2680(c), barring “any claim arising in respect of the assessment or collection of tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officers.” The Supreme Court has construed that provision as a complete bar to a claim for damage to property seized by customs inspectors in connection with an ultimately unsuccessful charge of smuggling. See Kosak v. United States, 465 U.S. 848, 854 (1984). Most federal circuit courts have applied Kosak expansively, to cover claims arising from conduct of all types of federal law enforcement officers, including claims brought by prisoners for loss or damage to their property while in prison. See Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 807 (9th Cir. 2003), and cases cited.
Three circuits have applied Kosak more narrowly, limiting it to claims arising from conduct of customs and revenue personnel. A list of these cases appears in Bramwell supra. The courts adopting this view have reasoned that the phrase “any other law enforcement officers,” appearing as it does after reference to “officer of customs or excise,” refers to officers of that type, rather than to all types of law enforcement officers. See Ortloff v. U.S., 335 F.3d 652, 658-59 (7th Cir. 2003). The reasoning of those cases would not apply to the Massachusetts provision, which refers to “any law enforcement officer,” without reference to any particular type of officer. The federal case law thus supports the interpretation of § 10(d) that emerges from its plain language; that is, that it bars all claims arising from detention of property by any type of law enforcement officer.
The plaintiffs opposition points to G.L.c. 127, §3. That statute provides that superintendents of correctional institutions “shall be responsible to the Commonwealth for the safekeeping and delivery ... to such prisoners” of property “found in possession of prisoners committed to such institutions.” That statute has no apparent application to this case, which does not involve any correctional institution. There can be no doubt, however, that Court officers have a duty of care with respect to the property of persons in their custody, and the Commonwealth does not argue otherwise. The question raised by this motion is not whether a duty existed, but whether § 10(d) of the Tort Claims Act immunizes the Commonwealth from suit for damages for the breach of that duty. See generally, Tivnan v. Registrar of Motor Vehicles, 50 Mass.App.Ct. 96, 101-02 (2000). It appears that it does.
This conclusion leads to the question whether the Commonwealth has waived the defense it now asserts, by its failure to raise it in a timely manner. This Court is of the strong view that, if the defense is waivable, the Commonwealth has waived it. The case has been pending for three and half years, three years since the filing of the answer. The parties and the Court have expended scarce resources on discovery, summary judgment proceedings, and repeated scheduling of a trial on damages. A judge of this Court devoted scarce time and attention to considering arguments on summary judgment, during which the Commonwealth gave no hint of the issue it now presses as dispositive. To say the least, this approach to litigation does not serve the public interest.[2]
The Commonwealth contends that the issue is one of subject matter jurisdiction, so that it may be raised at any time. The proposition that subject matter jurisdiction may be raised at any time is firmly established, and beyond dispute. Whether defenses under c. 258, §10, are a matter of subject matter jurisdiction, however, is not so clear, and the citations the Commonwealth provides do not address that point.
The argument for the Commonwealth’s position is that the Tort Claims Act is a limited waiver of sovereign immunity, without which courts lack jurisdiction over suits against the sovereign, and that the statutory exceptions define the scope of the jurisdiction granted by that limited waiver. Federal courts have adopted that view under the Federal Tort Claims Act. See e.g. Hydrogen Technology Corp. v. United States, 831 F.2d 1155, 1162, n.6 (1987). This Court has found no Massachusetts decision expressly deciding whether a defense under c. 258, §10 can be waived. Brum v. Town of Dartmouth, 428 Mass. 684, 688 (1999), does not address the question in any direct way, but lends some support to the Commonwealth’s argument, in that it emphasizes the importance of the immunities from suit granted by the statutory exceptions, to the extent of authorizing an interlocutory appeal from any ruling rejecting a claim of such immunity.
The Massachusetts decision that comes closest to the issue is Vasys v. Metropolitan District Commission, 387 Mass. 51, 54 (1982), in which the Supreme Judicial Court held that the Commonwealth could, and had, waived the requirement of presentment under G.L.c. 258 by failing to plead lack of presentment in its answer. In reaching that conclusion, the Court noted that it had “rejected the contention that the Commonwealth may be made subject to suit only with the consent of the Legislature.” Id., citing Morash & Sons v. Commonwealth, 363 Mass. 612, 615 (1973). Thus, the jurisdictional analysis applied by the Federal Courts may not govern the issue under Massachusetts law.
Nevertheless, review of the reasoning of Vasys reveals substantial ground for distinction between waiver of lack of presentment and waiver of the substantive defenses under §10. In that case, the plaintiff had given actual notice, but had not met the specific requirements of presentment under the Tort Claims *621 Act. The plaintiff had filed suit, and the Commonwealth had answered, within the two-year presentment period. Had the Commonwealth raised the issue of inadequate presentment in its answer, the problem could have been cured by the making of proper presentment, which would still have been timely. Instead, the Court observed, “the defendant’s actions may have had the effect of lulling the plaintiff into believing that presentment would not be an issue in the case.” Id. at 57. The Court noted the legislative mandate that the Tort Claims Act be read “liberally for the accomplishment of the purposes thereof,” including “to allow plaintiffs with valid causes of action to recover in negligence against governmental entities.” Id. at 57. On that basis, the Court held that ‘[i]n the unusual circumstances of this case,” the defendant was barred from belatedly raising the lack of proper presentment. Id. at 58.
Here, the defense that the Commonwealth belatedly raises is not the mere failure to meet a technical prerequisite, but a substantive defect affecting the validity of the claim. The legislature has determined that the Commonwealth shall be immune from liability for claims of the type asserted in this case. That immunity does not arise from any conduct of the Commonwealth in defending the claim, and the plaintiff could have done nothing to cure it no matter when it might have been raised. Were this claim to proceed to judgment, the public fisc would be burdened with a liability the legislature has expressly barred. However disturbed this Court may be by the manner in which the Commonwealth has handled this litigation, it does not consider itself empowered to impose such a consequence. Compare Keene v. Brigham & Women’s Hospital 439 Mass. 223, 240-41 (2003) (court lacked power to strike statutoiy charitable cap as sanction for spoliation). Accordingly, the Court concludes that the Commonwealth’s motion must be allowed.
CONCLUSION AND ORDER
For the reasons stated, the Commonwealth’s Motion to Dismiss or in the Alternative Judgment on the Pleadings is ALLOWED.

The Court also at that time granted the City of Somerville’s motion for judgment, dismissing Vining’s claim against it and leaving the Commonwealth as the only defendant.

The Court notes that the Assistant Attorney General now representing the Commonwealth is relatively new to the case and is not responsible for the previous errors.