**Kofi O. KYEI, an individual, Plaintiff—Appellant,**

v.

**David BEEBE, an individual; et al., Defendant—Appellees,**

**and**

**Yamhill County, a municipal corporation, Defendant.**

**No. 03–35601.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided Jan. 12, 2005.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

Elden M. Rosenthal, Rosenthal & Greene, PC, Portland, OR, for Plaintiff-Appellant.

Theodore F. Sumner, Esq., Abbott & Prange, PC, Kelly Alexandre Zusman, David C. Lewis, Esq., Robert Beatty-Walters, Esq., Miller & Wagner LLP, Portland, OR, Robert S. Wagner, Esq., for Defendants-Appellees.

Robert S. Wagner, Esq., for Defendant.

Before: T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Kofi O.A. Kyei appeals the district court's grant of the federal defendants' motions to dismiss and for summary judgment and its grant of Defendant Yamhill County's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

We review the district court's dismissals on the basis of immunity de novo.[1] We also review the district court's grant of summary judgment de novo.[2]

 The district court properly held that qualified immunity barred suit against the Bureau of Citizenship and Immigration Services ("BCIS") officials for claims arising out of their actions related to the parole hearing. Kyei did not have a clearly established constitutional right to an im-partial hearing or to be free pending his deportation.[3] Therefore, qualified immunity applied to the BCIS officials' decision to hold the parole hearing before the BCIS district director, their conduct during the hearing, and their decision not to release Kyei.

 The district court properly held that sovereign immunity barred suit against the United States for claims arising out of the alleged loss of Kyei's property. The exception in 28 U.S.C. § 2680(c) to the waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA") extends to BCIS officers.[4]

 The district court properly held that the United States was not liable under the FTCA for false arrest or false imprisonment. The warrant for removal was facially proper when executed.[5] Even after the BCIS received notice of the Ninth Circuit's stay of deportation, Kyei did not have a right to be free from detention pending a final decision regarding his exclusionary status.[6] Kyei's detention dur-

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Hell's Angels Motorcycle Corp. v. McKinley,* 360 F.3d 930, 933 (9th Cir.2004) (qualified immunity); *Clinton v. Babbitt,* 180 F.3d 1081, 1086 (9th Cir.1999) (sovereign immunity).

2. *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001).

3. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see Barrera–Echavarria v. Rison,* 44 F.3d 1441, 1448–49 (9th Cir.1995) (stating that excludable aliens do not have constitutional procedural due process rights regarding admission or exclu-sion, and holding that the excluded alien in question did not have a constitutional right to be free pending deportation), *superseded by statute as stated in Xi v. INS,* 298 F.3d 832, 837 (9th Cir.2002).

4. 28 U.S.C. § 2680(c); *see Bramwell v. Bureau of Prisons,* 348 F.3d 804, 806–07 (9th Cir.2003) (interpreting " § 2680(c) expansively to include federal law enforcement officers beyond those who assess taxes or collect customs duties").

5. *Arnsberg v. United States,* 757 F.2d 971, 979 (9th Cir.1985).

6. *See* 8 U.S.C. § 1182(d)(5)(A) (providing that release on parole is discretionary); 8 C.F.R. § 236.1(d)(1) (1999) (stating that once a removal order is administratively final, only the district director has authority to make custody and bond determinations).

ing the two-day period between the BCIS district director's parole hearing and the hearing he received before a district judge did not give rise to a procedural due process violation that made his detention unlawful. Kyei received an opportunity to be heard "at a meaningful time in a meaningful manner." [7]

 The district court properly held that Yamhill County was not liable under 42 U.S.C. § 1983. Kyei did not show that Yamhill County had a policy, custom, or practice that caused his placement in K block.[8] Yamhill County's classification of BCIS detainees as medium security was reasonably related to the legitimate government purposes of maintaining security and managing an institution.[9] Yamhill County was not deliberately indifferent to Kyei's nutritional needs.[10] AFFIRMED.

---

**7.** *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (internal quotation marks and citations omitted).

**8.** *Pierce v. Multnomah County,* 76 F.3d 1032, 1039 (9th Cir.1996).

**9.** *See Bell v. Wolfish,* 441 U.S. 520, 539–40 & n. 23, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

**10.** *See Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir.2002); *Johnson v. Lewis,* 217 F.3d 726, 734 (9th Cir.2000).