[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------

No. 07-10752
Non-Argument Calendar

-------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00023-CV-HLM-4

ANTHONY MORROW,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS,
an agency of the United States of America,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

**(November 13, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Anthony Morrow, appearing pro se, appeals the district

court's sua sponte dismissal of his complaint for failure to state a claim, 28 U.S.C.

§ 1915(e)(2).[1]  Reversible error has been shown; we vacate and remand for further proceedings.

In his complaint, Plaintiff raised a Federal Tort Claims Act ("FTCA") claim, 28 U.S.C. § 2671 et seq., alleging that the Federal Bureau of Prisons ("BOP") erred in calculating his release date from a BOP facility, which resulted in Plaintiff being imprisoned for 10 days beyond his correct release date.  Plaintiff also alleged that his access to adequate medical care for squamous cell carcinoma was delayed during this 10-day period.

The district court concluded that Plaintiff raised a claim of false imprisonment and that, although the FTCA waives the federal government's sovereign immunity for some torts, the FTCA exempts false imprisonment claims from this waiver.  Therefore, the district court determined that the FTCA barred Plaintiff's claim; and it dismissed his case.  On appeal, Plaintiff argues that the

---

[1]Plaintiff filed a motion for reconsideration before the district court; and reconsideration was denied.  Plaintiff appealed the order denying his motion for reconsideration.  Although we have jurisdiction to review only those judgments or orders that the notice of appeal specifies, either expressly or implicitly, see Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 785 (11th Cir. 2004), "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal" the original judgment, Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 738-39 n.1 (5th Cir. 1980) (internal quotation omitted), at least where appeal of that judgment is timely.  Because Plaintiff is a pro se litigant, and because it appears he intended to appeal the order of dismissal, we will construe Plaintiff's notice of appeal to include that order.  Plaintiff offers no argument on the denial of his motion for reconsideration; so that claim is abandoned. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).

district court should have considered that the federal government has waived sovereign immunity for false imprisonment claims involving law enforcement officers; and he contends that BOP officials are law enforcement officers.

We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim; and we view the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

"The FTCA operates as a limited waiver of the United States' sovereign immunity. Unless the United States may be held liable pursuant to the terms of the statute, the sovereign's immunity remains intact, and no subject matter jurisdiction exists." Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996) (internal citation omitted). We strictly construe the FTCA's exceptions to sovereign immunity. See Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001). The provision of the FTCA at issue here -- 28 U.S.C. § 2680(h) -- excepts "[a]ny

3

claim arising out of . . . false imprisonment" from its waiver of sovereign immunity but does allow for recovery on false imprisonment claims "with regard to acts or omissions of investigative or law enforcement officers of the United States Government . . . ." For section 2680(h), "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

Plaintiff asserts that he can proceed with his false imprisonment claim because this claim concerns the acts of BOP officials, who are law enforcement officers. BOP officials do have authority to make arrests for violations of certain federal laws, see 18 U.S.C. § 3050; and at least one of our sister circuits has concluded that a BOP official is a law enforcement officer under 28 U.S.C. § 2680(h). See Chapa v. U.S. Dep't of Justice, 339 F.3d 388, 390 (5th Cir. 2003) ("[A]s defined in [section] 2680(h), a BOP official is a federal law enforcement officer."). Because claims for false imprisonment "with regard to acts or omissions of investigative or law enforcement officers of the United States Government" are included in the FTCA's waiver of sovereign immunity, the district court erred in not considering whether Plaintiff had presented such a claim.

4

Therefore, we vacate the district court's order dismissing Plaintiff's complaint and remand for proceedings consistent with this opinion.[2]

VACATED AND REMANDED.

---

[2]We also deny Plaintiff's motion to supplement the record because the documents that Plaintiff has submitted do not relate to facts necessary to decide the issues raised on appeal.