Mark LARKIN, Plaintiff–Appellant,

v.

Harrell WATTS, Admin Remedy
Coordinator BOP; et al.,
Defendants–Appellees.

No. 08–56133.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 12, 2008.

Mark Larkin, pro se.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

Eliezer Ben–Shmuel, Special Assistant U.S. Attorney, Office of U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM [**]

This is an appeal of the district court's dismissal of appellant's civil action for failure to state a claim upon which relief can be granted.

The motion to proceed in forma pauperis is granted.

Appellant Mark Larkin filed a claim under the Federal Tort Claims Act ("FTCA") against the United States and separate claims based on *Bivens* against four individual defendants based on allegations that his complaints and grievances went unheeded after he lost personal items while in the Special Housing Unit and when he was transferred from the United States Penitentiary at Victorville. Defendants filed a motion to dismiss the complaint in the district court which was unopposed by Larkin. The district court granted the motion to dismiss for failure to state a claim upon which relief can be granted.

A review of the record and appellant's opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

R.App. P. 34(a)(2).

We review whether the United States is immune from liability under the FTCA *de novo. See Alfrey v. United States*, 276 F.3d 557, 561 (9th Cir.2002). The district court correctly ruled that Larkin could not bring a claim under the FTCA against the United States for lost or damaged personal property and dismissed the claim for lack of subject matter jurisdiction. *See Bramwell v. United States Bureau of Prisons*, 348 F.3d 804, 806–08 (9th Cir.2003).

We review constitutional claims asserted under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), de novo. *See Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382 (9th Cir.1998). We agree with the district court's dismissal of appellant's claim for property deprivation or loss in that it does not give rise to a cognizable constitutional or *Bivens* claim because appellant has an adequate post-deprivation remedy for the loss or deprivation of his property. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994).

We also agree with the district court that Larkins' claim that the defendants improperly processed his administrative complaints or grievances does not give rise to a cognizable constitutional or *Bivens* claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003).

Accordingly, appellees' unopposed motion for summary affirmance of the district court's judgment is granted.

All pending motions are denied as moot.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.