**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYANT LAKEITH WILSON, | No. 19-56215 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-01285-FMO-AFM |
| v. | MEMORANDUM* |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted January 20, 2021**

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Federal prisoner Bryant Lakeith Wilson appeals pro se from the district

court's judgment in his action alleging deprivation of his personal property. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

dismissal for lack of subject matter jurisdiction. *Bramwell v. U.S. Bureau of*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Prisons*, 348 F.3d 804, 806 (9th Cir. 2003). We affirm.

The district court properly dismissed Wilson's action for lack of subject matter jurisdiction because the Federal Tort Claims Act ("FTCA") bars claims against the United States arising out of deprivation of property by a law enforcement officer, including claims of negligent handling or storage of detained property. *See* 28 U.S.C. § 2680(c); *Kosak v. United States*, 465 U.S. 848, 854 (1984) (exception to FTCA under § 2680(c) includes a claim resulting from negligent handling or storage of property).

To the extent Wilson sought to allege due process claims against individual named correctional officers for deprivation of property under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), even if a *Bivens* remedy is available for such claims, dismissal was proper because Wilson failed to allege facts sufficient to state a plausible claim. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (neither intentional nor negligent deprivation of property violates due process when an adequate post-deprivation remedy is available); *see also* 31 U.S.C. § 3723 (permitting damages claim for property damages or loss caused by negligence of federal employee acting within scope of employment); 28 C.F.R. § 542.10 (purpose and scope of Bureau of Prisons Administrative Remedy Program).

We do not consider matters not specifically and distinctly raised and argued

19-56215

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**