# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2021

Lyle W. Cayce
Clerk

No. 19-31025
Summary Calendar

ARTHUR FLEMMING MOLER,

*Plaintiff—Appellant*,

*versus*

KEDRIC GASAWAY; CLARA BATY; MS. PAPILLION; K. RICHARD;
H. SMITH; S. GOLBERT; Y. WELCH; OFFICER DEVILLE,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-983

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Arthur Flemming Moler, federal prisoner # 27271-171, filed in the district court a pro se complaint under the Federal Tort Claims Act (FTCA) alleging that various employees of the Bureau of Prisons (BOP) improperly

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-31025

took possession of his legal paperwork and personal property. The district court dismissed his lawsuit for lack of jurisdiction. The district court also determined that Moler did not warrant leave to proceed in forma pauperis (IFP) because his appeal was not taken in good faith. Moler now moves this court for leave to proceed IFP on appeal.

To proceed IFP, Moler must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). We may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *see* 5TH CIR. R. 42.2.

Moler contends that (1) the forms provided by the BOP were misleading because they inferred that he would be able to sue for damages under the FTCA after his administrative remedies were exhausted; (2) the district court should have construed his claim as arising under 31 U.S.C. § 3723; and (3) the defendants' loss of Moler's items that consisted of subsistence goods, such as medicine and clothing, should not be considered a detention for purposes of 28 U.S.C. § 2680(c) because the BOP was required to provide Moler those items as a mandated service. Our review of these arguments show that they lack arguable merit. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218-28 (2008); *Chapa v. U.S. Dep't of Just.*, 339 F.3d 388, 390 (5th Cir. 2003).

Accordingly, Moler's motion to proceed IFP on appeal is DENIED and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. Although Moler was released from imprisonment after he filed the notice of appeal in this case,

No. 19-31025

the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Moler is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).