# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2021

Lyle W. Cayce
Clerk

No. 20-40135
Summary Calendar

---

Joe Blessett,

*Plaintiff—Appellant*,

*versus*

Texas Office of the Attorney General Galveston
County Child Support Enforcement Division,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:17-CV-164

---

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

Joe Blessett, proceeding pro se, appeals the district court's dismissal of his civil complaint without prejudice for lack of subject matter jurisdiction. The district court dismissed Blessett's federal claims on the grounds that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40135

they were barred by Eleventh Amendment sovereign immunity and declined to exercise supplemental jurisdiction over his state-law claims.

As a preliminary matter, though Blessett listed 83 issues in his brief, to the extent that he did not present adequate argument addressing any of the 83 issues as they pertain to the reasons for the district court's dismissal of his federal claims and decision to decline to exercise supplemental jurisdiction over his state-law claims, the issues are abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *see also Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Even when the state is not a named defendant, Eleventh Amendment immunity extends to a state agency or political entity that effectively acts as an "alter ego" or an "arm" of the state. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002). This court reviews de novo a conclusion that Eleventh Amendment immunity applies. *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

Citing *Ex Parte Young*, 209 U.S. 123 (1908), Blessett argues that the district court erred because he asserted claims for injunctive relief that were not barred. The *Ex Parte Young* exception to Eleventh Amendment immunity permits suits for prospective relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). However, the exception does not apply in this case because Blessett's amended complaint did not specifically name individual state officials as defendants in their official capacities, allege an ongoing violation of federal law, and seek relief that properly can be characterized as

2

prospective. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

Blessett also contends that the defendants waived sovereign immunity. However, his argument that Texas waived immunity through its participation in a federal program related to child support orders by receiving funds under Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq., has no merit. *See Pennhurst State Sch. and Hosp. v. Halderman*, 451 U.S. 1, 17 (1981); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). Likewise, his argument that the defendants waived immunity by failing to timely raise it has no merit, as sovereign immunity implicates subject matter jurisdiction which can be raised at any stage of the proceedings. *See Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 389 (5th Cir. 2003). Finally, Blessett has not shown that the defendants waived immunity by demonstrating an intent to defend his claims on the merits, asserting claims of their own in federal court, or otherwise voluntarily invoking federal court jurisdiction. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005); *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000).

Though his argument is not entirely clear, Blessett appears to also contend that the Supreme Court's decision in *Clearfield Trust Co. v. United States*, 318 U.S. 363, 364-65 (1943), somehow supports his Eleventh Amendment arguments. *Clearfield Trust* dealt with the question whether state or federal law applied to the rights and obligations of the Government and various other parties to a commercial transaction. *See id.* at 364-67. It is irrelevant to the issues involved in this appeal.

To the extent that Blessett challenges the district court's decision to decline to exercise supplemental jurisdiction over his state law claims, he fails to address the "factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity," *Carnegie*

No. 20-40135

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), and fails to otherwise show an abuse of discretion, *see Batiste v. Island Records, Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999).

Finally, Blessett also appeals from the district court's denial of his postjudgment motion under Federal Rule of Civil Procedure 59(e). Because his motion raised arguments similar to those he raises on appeal with respect to *Ex Parte Young* and the defendants' purported waiver of immunity, he has not shown that the district court abused its discretion in denying his motion. *See Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008).

The judgment of the district court is AFFIRMED. Blessett's motion to compel, amended motion to compel, motion for injunctive relief, and motion to remand and for summary judgment are DENIED.