United States Court of Appeals,

Fifth Circuit.

No. 92–8269

Summary Calendar.

Ronald K. HALVERSON, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

Sept. 23, 1992.

Appeal from the United States District Court for the Western District of Texas.

Before KING, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

In this Federal Tort Claims Act (FTCA) case, Plaintiff–Appellant Ronald K. Halverson appeals the dismissal of his action against the government, Defendant–Appellee herein, for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). The district court's dismissal was grounded in the exception found in § 28 U.S.C. § 2680(c) for claims based on loss of goods and merchandise obtained by law enforcement officers, thus presenting this circuit its first opportunity to consider that issue. We hold that the subject exception is not limited to losses resulting from detention of goods and merchandise by customs or tax officers only, but is applicable to claims arising from the detention of goods and merchandise by any federal law enforcement officers in the performance of their lawful duties, and therefore affirm the district court's dismissal.

I

FACTS AND PROCEEDINGS

Proceeding *pro se* and *in forma pauperis,* Halverson filed a complaint against the Immigration and Naturalization Service (INS) under the FTCA, seeking $5,735 in damages for the alleged loss of his personal property. Halverson had been arrested at an immigration checkpoint when Border Patrol agents found cocaine concealed under the back seat of the car in which he was a passenger.

In seeking recompense for the loss of personal belongings, Halverson alleges that the arresting agent took possession of the missing articles and that his resulting loss was caused by the arresting officers' failure to follow proper inventory procedures.

The government filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for Halverson's failure to file his complaint within six months following the denial of his administrative claim. Halverson responded to the government's motion and also filed a motion of his own for summary judgment. In its response to Halverson's summary judgment motion the government conceded that his complaint was filed timely. The government alleged, however, that the district court lacked subject matter jurisdiction because Halverson's claim was barred by an exception contained in § 2680(c) of the FTCA and therefore should be dismissed pursuant to Rule 12(b)(1). The court denied Halverson's motion for summary judgment and granted the government's Rule 12(b)(1) motion to dismiss. Halverson's notice of appeal was timely filed.

II

ANALYSIS

Halverson insists that the § 2680(c) exception applies to property losses involving customs or tax agents only, and is therefore inapplicable to the INS officers here implicated. The issue is *res nova* in this circuit.

The FTCA is a waiver of sovereign immunity, providing general authority for tort suits against the government: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...."[1] Section 2680, however, creates several exceptions to this broad waiver of sovereign immunity, including one for damages resulting from the detention of goods:

---

[1] 28 U.S.C. § 2674.

The provisions of this chapter and section 1346(b) of this title shall not apply to—

. . . . .

(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, *or the detention of any goods or merchandise by* any officer of customs or excise or *any other law-enforcement officer.*[2]

The Supreme Court has interpreted § 2680(c) to cover not only damages occurring in the act of detention itself, but also those flowing from the detention, such as the negligent storing of antiques or art objects.[3]  The Court did not address, however, whether the § 2680(c) exception applies when the officers who detain such property are not customs or tax officials and are not acting in a customs or tax capacity.  In fact, the Court expressly refused to decide what types of officers other than customs or tax were covered by the § 2680(c) exclusion.[4]

We have applied the § 2680 exclusion to IRS agents and customs officers,[5] but have not addressed its application to other law enforcement officers.  Other circuits have found, however, that "other law-enforcement officer" may include officers in other agencies performing their proper duties. *See, e.g., Schleaebitz v. United States,*[6] (luggage confiscated by U.S. Marshal); *Ysasi v. Rivkind,*[7] (property confiscated by Immigration and Naturalization Service); *Formula One Motors v. United States,*[8] (merchandise destroyed by the Drug Enforcement Agency); *United States v. 2,116 Boxes*

---

[2]28 U.S.C. § 2680 (emphasis added).

[3]*Kosak v. United States,* 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984).

[4]465 U.S. at 852 n. 6, 104 S.Ct. at 1522 n. 6.

[5]In *B & F Trawlers, Inc. v. United States,* 841 F.2d 626, 628 (5th Cir.1988), however, this court applied the exclusion to Coast Guard officers after concluding that "[t]he provision [was] relevant here because Coast Guard officers are also considered customs officers, 14 U.S.C. § 143, and law enforcement officers, 14 U.S.C. §§ 2, 89."  But we declined to apply the § 2680(c) exception to the Suits in Admiralty Act or the Public Vessels Act which governed that case.

[6]924 F.2d 193, 194 (11th Cir.1991).

[7]856 F.2d 1520 (Fed.Cir.1988).

[8]777 F.2d 822 (2nd Cir.1985).

*of Boned Beef,*[9] (property seized by the Department of Agriculture).

We find persuasive the reasoning of the other circuits, not to mention the plain language of § 2680(c) that exempts "[a]ny claim arising in respect of ... the detention of any goods or merchandise by ... any other law-enforcement officer."[10] Halverson has not alleged that the Border Patrol agents acted outside their lawful authority;[11] he alleges only that they were negligent in failing to follow proper inventory procedure. We hold that § 2680(c) exempts from the FTCA's waiver of sovereign immunity any claim based on the detention of goods by any federal law enforcement officers in the performance of their lawful duties. The district court, therefore, committed no error in dismissing Halverson's claim for lack of subject matter jurisdiction.

AFFIRMED.

---

[9]726 F.2d 1481 (10th Cir.) (*cert. denied sub nom. Jarboe–Lackey Feedlots, Inc. v. United States,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984).

[10]28 U.S.C. § 2680(c).

[11]Employees of the Immigration and Naturalization Service are authorized to make arrests. *See* 8 U.S.C. § 1356.