IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50433
Summary Calendar
_____

SUHARDY,

Petitioner-Appellant,

versus

LUIS GARCIA, District Director,
Immigration and Naturalization Service,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CV-280-F
--------------------
October 23, 2000

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Suhardy (#A076-394-192), a detainee at the Immigration and
Naturalization Service Processing Center in El Paso, Texas, filed
an action on a 28 U.S.C. § 2254 form alleging that his luggage
and personal belonging had been seized when he was detained at
the Sierra Blanca checkpoint.  Suhardy complained that his
luggage and personal belongings had not been returned.  The
district court treated the document as an application for habeas
relief under § 2254 and dismissed the action as frivolous.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Suhardy does not contend that he should be permitted to pursue his claim in a § 2254 action.  Instead, Suhardy contends that his original pleading should have been construed liberally as a civil complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  The district court does not have jurisdiction over Suhardy's FTCA claim because the United States has not waived its sovereign immunity as to such claims.  Halverson v. United States, 972 F.2d 654, 655 (5th Cir. 1992).  Therefore, the district court did not err in failing to construe the § 2254 application as a complaint under the FTCA.

AFFIRMED.