**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DENNIS WALKNER,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 01-3225

(D.C. No. 00-CV-3030-GTV)

(D. Kansas)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is therefore submitted without oral argument.

Dennis Walkner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, filed this action against several prison officials seeking

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

compensation for the loss of three paintings, which he valued at $600. According to Mr. Walkner, a corrections officer removed the paintings from his cell during an institution-wide "shake-down" on December 12, 1998. Rec. doc. 1 (Compl. filed Jan. 28, 2000). Prison officials told Mr. Walkner that they would mail the paintings to a person whom he designated. However, that person never received the paintings.

The district court read Mr. Walkner's complaint as asserting a cause of action for negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. [1] Upon the Attorney General's certification that the named individual defendants were acting in the scope of their employment, the district court then substituted the United States as a defendant pursuant to 28 U.S.C. § 2679(d)(1). [2]

The court then dismissed Mr. Walkner's claim for lack of subject matter jurisdiction. The court reasoned that, although the FTCA acts as a waiver of

---

[1] In his complaint, Mr. Walkner invoked not only the FTCA but also the First Amendment and the Due Process Clause of the Fifth Amendment. However, on appeal, Mr. Walkner has not challenged the district court's treatment of his allegations as a claim for negligence under the FTCA.

[2] Section 2679(d)(1) provides: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

sovereign immunity pursuant to 28 U.S.C. § 1346(b)(1),[3] the exception to that general waiver set forth in 28 U.S.C. § 2680(c) was applicable to Mr. Walkner's cause of action.

Section 2680(c) excepts from the FTCA's waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c) (emphasis added). The Supreme Court has construed section 2680(c) broadly. In Kosak v. United States, 465 U.S. 848, 852-53 (1984), the Court rejected the argument that § 2680(c) exempts from the FTCA's waiver of sovereign immunity "only claims [] for damage caused by the detention itself" and that the FTCA waiver thus does not apply to the negligent destruction of property. Following Kosak, "[t]he courts have interpreted section 2680(c) to bar claims premised on essentially any injury to property sustained during its detention." United States v. Bein, 214 F.3d 408, 415 (3d Cir. 2000).

---

[3] Section 1346(b)(1) permits an action "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

In the instant case, the district court reasoned that "prison officials allegedly confiscated paintings from [Mr. Walkner]. The confiscation was a detention of goods. . . . [Mr. Walkner's] claim for the allegedly lost paintings arises out of the detention of the goods." Rec. doc. 26, at 3-4 (Order, filed June 26, 2001).

We agree with the district court's analysis. In order for the exception set forth in § 2680(c) to apply in these circumstances, the court must find: (1) that the claim arose "in respect of . . . the detention of . . . goods, merchandise, or other property" and (2) that the detention was by a "law enforcement officer." Both elements are established here.

First, Mr. Walkner's claim arises "in respect of . . . the detention of . . . property," as that phrase has been construed by the Supreme Court.     See Kosak, 465 U.S. at 852-53 (construing § 2680(c) to apply to the negligent destruction of property). Second, the prison officials whom Mr. Walkner alleges to have lost his paintings are "law enforcement officer[s]" under the statute.     See Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (applying § 2680(c) to bar a claim against prison officials for mishandling property);     United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121 Pounds    , 726 F.2d 1481, 1490-91 (10th Cir. 1984) (applying § 2680(c) to property seized by the Department of Agriculture);   see also  Halverson v. United States   , 972 F.2d 654, 656 (5th Cir.

1992) (per curiam) (holding that Immigration and Naturalization Service Border

Patrol agents were law enforcement officers under § 2680(c));  Schlaebitz v.

United States Dep't of Justice , 924 F.2d 193, 194-95 (11th Cir. 1991) (per

cuiram) (applying § 2680(c) to a United States Marshall)  .

Accordingly, we AFFIRM the district court's dismissal of Mr. Walkner's

claim for lack of subject matter jurisdiction. [4]


Entered for the Court,



Robert H. Henry
Circuit Judge



_____

[4] We agree with the district court that Mr. Walkner's claim is properly
characterized as asserting that prison officials acted negligently in failing to send
his paintings to the designated address.  Thus, we do not read his allegations as
advancing a claim pursuant to Bivens v. Six Unknown Named Agents of Fed.
Bureau of Narcotics, 403 U.S. 388 (1971), that federal officials deprived him of
his property in violation of his due process rights.  Such a claim must be based on
allegations that prison officials acted intentionally or recklessly in depriving the
plaintiff of his property and then failed to provide an adequate post-deprivation
remedy.  See Sterling v. United States, 85 F.3d 1225, 1227-28 (7th Cir. 1996)
(discussing the differences between FTCA and Bivens claims for the loss or
destruction of property); Webber v. Mefford, 43 F.3d 1340, 1343 (10th Cir.1994);
(stating that "a government official violates an individual's Fourteenth
Amendment rights by injuring his or her life, liberty, or property interest with
deliberate or reckless intent").