IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40202
Summary Calendar
_____

JACK W. HAWKINS,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-189
--------------------
October 29, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jack W. Hawkins, a former federal prisoner, challenges the district court's denial of relief on his case arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), 2671 *et seq*. Hawkins sought return of property seized in relation to his drug conviction, monetary compensation for returned property that had been damaged, and the return of fees and payments made in Hawkins's criminal and prior civil actions. Hawkins also raised

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims that the Government had breached its contractual obligations to him and had retained his property without just compensation, in violation of the Fifth Amendment.

Hawkins asserts that the district court erred in concluding that it lacked subject-matter jurisdiction over tort claims under 28 U.S.C. § 2680(c), the detention-of-goods exception to the FTCA. The exception covers the seizure of property by any federal law enforcement officers performing their lawful duties. Halverson v. United States, 972 F.2d 654, 656 (5th Cir. 1992). Hawkins's assertion that the 2000 amendments to 28 U.S.C. § 2680(c) permit him to raise his argument is a new legal theory raised for the first time on appeal, which this court will not consider. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000). Even if we were to consider the argument, it is without merit because the property in question was seized in conjunction with a criminal conviction.

Hawkins also contends that the district court erred in concluding that it lacked subject-matter jurisdiction over his non-tort claims under the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a). Because the value of Hawkins's constitutional and contractual claims exceeded $10,000, the district court lacked jurisdiction. See Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995).

2

Hawkins maintains that the district court erred in dismissing his tort claims for failure to state a claim upon which relief could be granted. To the extent that any claims survived the dismissal for lack of subject-matter jurisdiction, this court has not ruled whether Heck v. Humphrey, 512 U.S. 477 (1994), applies to FTCA claims. However, this court need not determine whether Heck applies to FTCA claims in general, or Hawkins's claims in particular, because the district court's grant of summary judgment will also result in dismissal of the claims. See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

Hawkins contends that the district court erred in not giving him notice of the court's intention to convert a FED. R. CIV. P. 12(b)(6) motion into a motion for summary judgment. There is no indication that such a conversion occurred. Hawkins also maintains that the district court erred in not advising him of the requirements for a summary-judgment motion before ruling on it. The notice provided by the Rules of Civil Procedure and the local rules concerning the time for filing a response is sufficient for a *pro se* litigant. Martin v. Harrison Co. Jail, 975 F.2d 192, 193 (5th Cir. 1992).

Hawkins maintains that the district court erred in granting summary judgment on his tort claims. The hold-harmless agreement signed by Hawkins stated that he agreed to hold the Government harmless for any claims arising from the "seizure, search,

possession and custody" of his property. As Hawkins's claims relate to these matters, the court's judgment is affirmed.

The district court dismissed Hawkins's request for the return of fees and fines paid in earlier cases for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Hawkins does not challenge the district court's conclusion that Texas law does not permit such relief, and he has therefore not appealed on that ground. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The district court's denial of relief to Hawkins is AFFIRMED.

Hawkins also seeks appointment of counsel. He has not shown "exceptional circumstances" requiring the appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The motion is therefore DENIED.

AFFIRMED; MOTION DENIED.