Rex G. ENDICOTT, et al., Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, Defendant.

No. C03–1156RSM.

United States District Court, W.D. Washington. At Seattle.

Sept. 5, 2004.

Rex G. Endicott, Bellingham, WA, pro se, for Plaintiff.

Joan Endicott, Bellingham, WA, pro se, for Plaintiff.

Philip H. Lynch, Tacoma, WA, for Defendant.

## ORDER OF DISMISSAL

RICARDO S. MARTINEZ, District Judge.

### INTRODUCTION

This matter comes before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt.# 15). On February 2, 2004, plaintiffs filed the instant lawsuit, raising a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and alleging that defendant caused $7,761.88 of damage to their property while executing a search warrant. (Dkt.# 8). Defendant has filed a motion to dismiss, asserting that this Court lacks subject matter jurisdiction over plaintiffs' claim. (Dkt.# 15). For the reasons set forth below, the Court agrees with defendant and GRANTS the motion to dismiss.

### DISCUSSION

#### A. Background

On September 19–20, 2000, after having investigated plaintiffs for approximately one year, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") arrested plaintiff Rex G. Endicott for illegally possessing firearms. (Dkt. # 16 at 2). Shortly after his arrest, ATF agents executed a search warrant at plaintiffs' property, and seized 261 firearms, 338 pounds of gun powder, $60,900.61 in U.S. currency, and 141,560 rounds of ammunition. (Dkt. # 6 at 3). The search was conducted with consent by Joan Endicott, who provided keys to various buildings located on the property that the agents wished to search. (Dkt. # 16 at 3).

On November 13, 2000, plaintiff Rex Endicott pleaded guilty in this Court to three counts of violating 18 U.S.C. § 922(g)(1). (Dkt.# 15, Ex. B). Additionally, in lieu of prosecution, the government allowed defendant Joan Endicott to sign a settlement agreement, wherein she admitted guilt to having committed several felonies in connection with her husband's firearms sales. (Dkt.# 15, Ex. C).

Plaintiffs now allege that the ATF agents negligently executed its search warrant and seizure of plaintiffs' property. (Dkt.# 8). Plaintiffs state that several items were broken or otherwise damaged, that some property was stolen, and that the agents caused a shipment of goods to be returned, thereby causing plaintiffs to incur shipping and restocking charges. (Dkt. # 8 at 2). Plaintiffs claim damages in the amount of $7,761.88.

Defendant claims that it is not a proper defendant under the FTCA, the plaintiffs' complaint is barred by the "detention of goods" exception to the FTCA, and that plaintiffs' claim for shipping and restocking charges is barred by the intentional tort exception to the FTCA, and asks that the complaint be dismissed for lack of subject matter jurisdiction. (Dkt.# 15).

#### B. 12(b)(1) Standard of Review

A motion to dismiss under Rule 12(b)(1) of the Federal Rule of Civil Procedure addresses the court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). They possess only that power authorized by United States Constitution and statute, which is not to be expanded by judicial decree. *Id.* The burden of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction. *Id.* When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988).

## C. Jurisdiction Under the Federal Tort Claim Act

▮ Absent a waiver, sovereign immunity shields the Federal Government and its agencies from lawsuits against them. *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr,* 309 U.S. 242, 244, 60 S.Ct. 488, 84 L.Ed. 724 (1940). Sovereign immunity is jurisdictional in nature. "Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Meyer,* 510 U.S. at 475, 114 S.Ct. 996 (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)).

▮ In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees. 28 U.S.C. § 1346(b). In order to "place torts of 'suable' agencies ... upon precisely the same footing as torts of 'nonsuable' agencies," Congress, through the FTCA, limited the scope of an agency's waiver to sue or be sued. *Meyer,* 510 U.S. at 475–76, 114 S.Ct. 996. That limitation provides, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). "Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name' ...". *Meyer,* 510 U.S. at 476, 114 S.Ct. 996.

Before addressing whether plaintiffs improperly named the ATF as the defendant in the instant action, the Court must determine whether plaintiffs' suit is "cognizable" under the FTCA. As noted above, the FTCA contains a limited waiver of sovereign immunity, rendering the United States liable to the same extent as a private party for certain torts committed by federal employees. 28 U.S.C. § 1346(b). However, that waiver is subject to certain exceptions. 28 U.S.C. § 2680. One of those exceptions, known as the "detention of goods" exception, provides that:

> The provisions of this chapter and section 1346(c) of this title shall not apply to—
>
> (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if—
>
> > (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> >
> > (2) the interest of the claimant was not forfeited;
> >
> > (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> >
> > (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c).

The Ninth Circuit Court of Appeals has determined that this exception applies to

the activities of all law enforcement officers, not just those involving customs or tax seizures. *United States v. Lockheed L–188 Aircraft*, 656 F.2d 390 (9th Cir. 1979). However, very few courts have addressed whether the exception applies to damages arising from the execution of search warrants by such law enforcement officers. One district court has held that the exception applied to damages allegedly caused by Coast Guard and Customs agents who boarded a moored vessel suspected of carrying drugs, supporting the assertion by defendant in the instant case that the exception would extend to execution of search warrants. *See Mid–South Holding Co., Inc. v. U.S.*, 123 F.Supp.2d 1330 (M.D.Fla.1999). Defendant argues that applying the exception to the instant case is also consistent with Congress's intent to ensure that certain government activities are not disrupted by the threat of lawsuits and Congress's intent to avoid exposing the United States to liability for excessive or fraudulent claims, and consistent with statutory authority recognizing that a certain amount of damage may necessarily be caused in obtaining access to premises being searched, and providing the authority to do so. (Dkt. # 15 at 5–6).

Plaintiffs answer that a claim for negligent loss of goods held by the government does not fall within the detention of goods exception. (Dkt. # 18 at 6). Specifically, plaintiffs point to the split among the circuits highlighted by *Kurinsky v. United States*, 33 F.3d 594, 598 (6th Cir.1994), *cert. denied*, 514 U.S. 1082, 115 S.Ct. 1793, 131 L.Ed.2d 721, in which the Sixth Circuit Court of Appeals held that the exception applied only to law enforcement officers acting in a tax or customs capacity. (Dkt. # 18 at 6). Plaintiffs appear to argue that this Court should follow *Kurinsky*. (Dkt. # 18 at 4–6). The Court is not persuaded.

At the time *Kurinsky* was decided, there was a split among the circuits as to the interpretation of the phrase "any other law-enforcement officer" under 28 U.S.C. § 2680(c). The Fifth, Ninth, Tenth, Eleventh and Federal Circuits had held that the exception applied to detentions of property by *any* federal law enforcement officer acting within his or her lawful authority, not just to officers acting in customs or excise capacities. *Schlaebitz v. United States*, 924 F.2d 193, 194–95 (11th Cir.1991); *Halverson v. United States*, 972 F.2d 654, 655 (5th Cir.1992); *Ysasi v. Rivkind*, 856 F.2d 1520, 1524–25 (Fed.Cir. 1988); *Lockheed L–188 Aircraft, supra*, at 397. The Sixth Circuit and the District of Columbia Circuit held that the exception extended only to law enforcement officers acting in tax, excise, or customs capacity. *Bazuaye v. United States*, 83 F.3d 482, 486 (C.A.D.C.1996); *Kurinsky, supra*.

 However, on April 25, 2000, Congress significantly amended the FTCA through the Civil Asset Forfeiture Reform Act ("CAFRA"). CAFRA revised section 2680(c) to read "... any goods, merchandise, or other property by any officer of customs or excise *or any other law enforcement officer* ...". 28 U.S.C. § 2680(c) (emphasis added). While no circuit has specifically addressed that amended language since it was enacted, this Court finds that the new language reinforces the determination already made by the Ninth Circuit Court of Appeals that the exception applies to any law enforcement officer, and thus, the ATF agents in the instant case. *See Lockheed L–188 Aircraft, supra*. Moreover, the Court agrees with defendants that applying the exception to this case would be consistent with Congressional intent to ensure that certain government activities are not disrupted by the threat of lawsuits, and to avoid exposing the United

States to liability for excessive or fraudulent claims. (*See* Dkt. # 19 at 4–5).

■ Finally, the Court agrees that plaintiffs' claim for return shipping and overstock charges is barred by the intentional tort exception to the FTCA. (*See* Dkt. # 15 at 7). Section 2680(h) specifically excludes "any claim arising out of . . . interference with contract rights" from the FTCA. 28 U.S.C. § 2680(h). Plaintiffs allege that the ATF agents caused a delivery to be returned to the shipper, resulting in return shipping and restocking charges to plaintiffs. (Dkt. # 8 at 2). The Court finds that that allegation involves defendant's interference with plaintiffs' order, or "contract," with the shipper, and is therefore, prohibited by the § 2680(h) exception to the FTCA. (*See* Dkt. # 15 at 7).

Accordingly, for the reasons set forth above, the Court finds that plaintiffs have not presented any "cognizable" claims pursuant to 1346(b) of the FTCA, and therefore, this Court lacks subject matter jurisdiction over this action.

### *CONCLUSION*

Based on the above analysis, this Court GRANTS defendant's Motion to Dismiss (Dkt.# 15), and this action is DISMISSED with prejudice.